[Civ. No. 2875.   Fourth Dist.   Feb. 2, 1943.]

CORA MASON, Respondent, v. SAN DIEGO ELECTRIC RAILWAY COMPANY (a Corporation) et al., Appellants.

Morrison, Hohfeld, Foerster, Shuman & Clark, V. F. Bennett and Boice Gross for Appellants.

Clarence Harden and Dwight E. Stanford for Respondent.

BARNARD, P. J.—This is an action for damages, the plaintiff having been injured in a collision between an automobile in which she was riding and a 30-foot bus owned by the corporate defendant and driven by the individual defendant. The collision occurred on a clear dry day in May, 1939, at the intersection of 48th Street and El Cajon Boulevard in San Diego. 48th Street runs north and south, and El Cajon Boulevard east and west. El Cajon is 66 feet wide from curb to curb and is marked for two lanes of travel on each side of the center. On the south half of that street it is 16 feet from the property line to the south curb, 22 feet from that curb to the first white line and 12 feet from that line to the double center line. 48th Street is 36 feet wide with boulevard-stop signs at its intersection with El Cajon. At the time in question the defendants' bus had proceeded north on 48th Street and was making a left turn in order to proceed west on El Cajon when it collided with the car in which the plaintiff was riding, which was proceeding east on El Cajon in the northerly of the two south lanes. That car was being driven by a Mrs. Keeney.

This action was tried by the court without a jury and the defendants have appealed from a judgment in favor of the plaintiff. Their sole contention is that the evidence is not sufficient to support a finding of negligence on the part of the driver of the bus. It is argued that the bus driver had the right of way since he entered the intersection first and since he stopped and yielded the right of way to other vehicles approaching so closely as to constitute an immediate hazard, as required by section 552 of the Vehicle Code, and that the only inference which may reasonably be drawn is that the driver of the bus was not negligent.

The driver of the bus testified that as he approached this

intersection from the south he stopped the bus with its left side just east of the center line of 48th Street and with its front end just south of the south property line of El Cajon; that he raised his signal arm for a left turn, and starting up slowly proceeded 21 or 22 feet and again stopped with the front end of the bus five or six feet out from the south curb line of El Cajon; that he did this so that the bus would be visible to other traffic and also to get a better vision of approaching traffic; that "there was a stream of cars proceeding east on El Cajon"; that he waited a few seconds and a few cars went by; that "I saw a slight opening, that is, a distance between cars there, so I started the bus up slowly to indicate that I wanted to start up"; that as he did this two cars which were traveling east on the southerly of the two south lanes of El Cajon came to a stop; that when he was about two feet north of the first line south of the double center line he saw the Keeney car approaching; that this car was about 40 feet from the prolongation of the west property line of 48th Street and was coming toward him at from 20 to 27 miles an hour with no indication that it was going to stop; and that he applied his brakes and brought the bus to a stop with the left front corner approximately at the center line of El Cajon and just east of the west property line of 48th Street. He further testified that during all of this time there was nothing to obstruct the vision between the bus and the Keeney car; that "I started the bus up slowly to indicate that I was going to go through, and this first car saw that I wanted to come through and he stopped for me and gave me the right of way, and the second car also stopped behind him, and by doing that of course I figured I had the right of way and I started the bus up to proceed on through"; that from his last stop to the point of collision he traveled around 23 or 24 feet; that when he first noticed the Keeney car it was coming around the two cars which had stopped for him; and that when he stopped the bus the Keeney car was 15 to 20 feet away and running 20 to 25 miles an hour.

Another witness testified that the Keeney car was traveling in the lane immediately south of the center line of El Cajon and that he did not see that car "vere to its left or its right or run around the other cars that were east bound and in the lane of traffic to the south of it."

The respondent testified that she first saw the bus when it was stopped near the south property line of El Cajon, that at that time, as near as she could tell, the automobile in which she was riding was as far from the bus as "that corner of the room to the post you are touching now." This distance was identified as 32 feet and 11 inches. She further testified that when she saw the bus begin to move "I thought we won't have to wait for the bus to go by us, because we will be through"; that she looked away and then looked back, and that when she looked back "I knew we were very close— we were nearly in front of the drug store, if not quite" (the drug store was on the corner of the intersection); and that "he came out straight from the sidewalk, of course, across the sidewalk and then turned when he got just across the first line of traffic—and he turned short like that." The driver of the bus testified: "When I started up after I had stopped in the street I had to start a rather abrupt turn there to make the turn possible."

While the driver of the bus stopped at this intersection it cannot be said, as a matter of law, that there were no vehicles "approaching so closely on the through highway as to constitute an immediate hazard," and a question of fact was presented as to whether he complied with the requirements of section 552 of the Vehicle Code. If, as this driver says, there was no obstruction to the view between the two vehicles no good reason appears why he did not see the other car until after he had entered the northerly of the two south traffic lanes. Although he started forward when the front of his bus was only 16 feet from the lane in which the Keeney car was traveling, according to his own testimony, he did not see the Keeney car until the front end of the bus had reached that lane. When he reached that point the Keeney car was actually so close that he was not able to get across that lane in front of it. The margin of time and space was very narrow, at best, and it cannot be said as a matter of law that the situation which actually existed could not, with reasonable care, have been observed before the bus entered the lane in which the other car was traveling. While the bus driver testified that when he arrived at that lane the other car was some 40 feet west of the west property line of 48th Street, a portion of the respondent's testimony indicates that the Keeney car was closer than that when the bus driver started up from his position of safety. It appears that this

stream of cars proceeding east on El Cajon had just been released by the changing of the "stop" and "go" signals a block west of 48th Street, and the bus driver knew that the changing of those signals would clear traffic from that direction within a few seconds. Notwithstanding this fact he chose to move into this traffic when he saw a "slight opening" and it would appear from his own testimony that when the cars in the first line of traffic stopped he "figured I had the right of way" and entered the second lane of traffic when it was impossible, at the speed he was going, to get the bus across that lane in time to avoid a collision with the car traveling thereon, in which the respondent was riding. It may even be that the fact that the driver of the bus stopped a second time a few feet out from the line of the curb deceived the driver of the car in which the respondent was riding, and led her to believe that the bus driver intended to wait until the oncoming traffic had passed. This is not a case where it appears beyond question that the bus driver had the right of way, or where only one inference may be drawn from the evidence. The entire question was not only one for the trial court, but the evidence sufficiently sustains the finding made.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied March 1, 1943, and appellants' petition for a hearing by the Supreme Court was denied April 1, 1943.