**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 19, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MEKA R. RICHARDSON,

Petitioner - Appellant,

v.

KANSAS DEPARTMENT OF
CORRECTIONS; STEPHEN N. SIX,
Attorney General of Kansas,

Respondents - Appellees.

No. 08-3337

(D. Kansas)

(D.C. No. 08-CV-03281-SAC)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this proceeding. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case

is therefore ordered submitted without oral argument.

---

[*]This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Petitioner and appellant Meka R. Richardson, a Kansas state prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") in order to appeal the district court's dismissal of her 28 U.S.C. § 2254 petition for a writ of habeas corpus. We deny Richardson a COA and dismiss this appeal.

**BACKGROUND**

Richardson was convicted by a jury of first-degree murder and aggravated robbery in the death of 22-year-old Brenda Wassink in Wyandotte County, Kansas. She was sentenced to a mandatory forty-year sentence for the first-degree murder count and a consecutive sentence of fifteen years for the aggravated robbery count. The Kansas Supreme Court affirmed her conviction. State v. Richardson, 883 P.2d 1107 (Kan. 1994).

In 2003, Richardson filed a state post-conviction action pursuant to Kan. Stat. Ann. § 60-1507. The state district court denied relief, but the Kansas Court of Appeals remanded the matter for an evidentiary hearing on Richardson's claims of ineffective assistance of counsel and a claimed conflict of interest between Richardson's counsel and a prosecution witness who was called to testify during the sentencing phase. Richardson v. State, 133 P.2d 841 (Kan. App. 2006) (unpublished). On remand, the district court conducted the evidentiary hearing and concluded that Richardson was not entitled to relief. Richardson v. State, 183

P.3d 15 (Kan. App. 2008) (unpublished).  On September 24, 2008, the Kansas

Supreme Court denied review.  R. Vol. 1.

Richardson filed the instant petition on November 9, 2008.  The district

court noted that Richardson's petition was not timely under the Antiterrorism and

Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d).  The petition was

therefore subject to dismissal unless Richardson could demonstrate that she was

entitled to tolling of the limitation period.  Accordingly, the court issued an order

to Richardson to show cause why the petition should not be dismissed as

untimely.  Richardson filed a response, and the district court held the petition

must be dismissed as untimely:

> Petitioner argues the claims presented in the state action under
> K.S.A. 60-1507 are timely for purposes of federal review.  She points
> out the claims are distinct from those presented in the direct appeal.
>
> The court has considered this argument but finds no basis to
> allow this matter to proceed.  Had petitioner presented her state
> action within the limitation period, that period would have been
> tolled.  28 U.S.C. § 2244(d)(2).  However, the limitation period
> expired in 1997, and habeas corpus review of the claims petitioner
> raised in the state courts in 2003 is barred by the expiration of that
> period.
>
> Finally, petitioner has shown no basis for equitable tolling of
> the limitation period.  Such tolling is available only in "rare and
> exceptional circumstances."  Gibson v. Klinger, 232 F.3d 799, 808
> (10th Cir. 2000).  In order to make the necessary showing, a
> petitioner must demonstrate diligence in pursuing federal claims.
> Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S.
> 891 (1998).  Petitioner's response does not set forth specific facts
> that show any circumstances beyond her control or a diligent pursuit
> of her federal claims.

Order at 2, R. Vol. 1.  The district court subsequently granted Richardson the right to proceed *in forma pauperis*, but denied Richardson a COA.  This appeal followed.

## DISCUSSION

"A COA is a jurisdictional pre-requisite to our review."  Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006).  We will issue a COA only if Richardson makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing, she must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted).  Because the district court dismissed Richardson's petition on procedural grounds, Richardson must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist would not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.; see also Clark, 468 F.3d at 713-14.

-4-

AEDPA provides a one-year period of limitations for habeas petitioners in state custody. 28 U.S.C. § 2244(d)(1). In general, that limitations period runs from the date upon which the petitioner's conviction becomes final. Richardson's conviction became final for habeas corpus purposes ninety days after the decision of the Kansas Supreme Court affirming her direct appeal, when the time for seeking review in the United States Supreme Court expired. Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction is final when, "following a decision by the state court of last resort . . . the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed") (internal quotations omitted).

However, prisoners seeking habeas review prior to the 1996 passage of AEDPA were granted a grace period of one year from AEDPA's enactment on April 24, 1996, in which to file their habeas petitions. Thus, because Richardson's conviction became final prior to the 1996 passage of AEDPA, she had until April 24, 1997, to seek habeas relief. Since Richardson took no action relating to her conviction until she filed her petition for state post-conviction relief in 2003, her federal habeas petition, filed in 2008, is untimely, absent statutory or equitable tolling of the limitations period.

Section 2244(d)(2) provides that the one-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral

review . . . is pending." However, our precedents establish that this statutory tolling period is inapplicable if the application for state post-conviction relief is filed *after* the one-year limitations period has expired. See Clark, 468 F.3d at 714 ("only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Because Richardson's state post-conviction petition was filed long after the one-year limitations period expired on April 24, 1997, no statutory tolling rescued Richardson's federal habeas petition.

Richardson receives no more assistance from the equitable tolling doctrine. "Equitable tolling of the limitations period is available 'when an inmate diligently pursues h[er] claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond h[er] control.'" United States v. Gabaldon, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting March v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). We have stated:

> Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. . . . Moreover, a petitioner must diligently pursue h[er] federal habeas claims. . . .

Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citations omitted).

The district court found that Richardson's "response does not set forth specific facts that show any circumstances beyond her control or a diligent pursuit of her federal claims." Order at 2, R. Vol. 1. After carefully reviewing the

record, we conclude that no reasonable jurist could doubt the correctness of the district court's disposition. We accordingly deny Richardson's application for a COA and dismiss this appeal.

## CONCLUSION

For the foregoing reasons, we DENY Richardson's application for a COA and DISMISS this appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge