FILED
United States Court of Appeals
Tenth Circuit

April 16, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.                                                          No. 06-2348

FRANK GABALDON,

Defendant-Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. Nos. CIV-06-343 WJ/KMB & CR-02-1056 WJ)**

---

Submitted on the briefs:[*]

Frank Gabaldon, Pro Se.

Larry Gómez, United States Attorney, William J. Pflugrath, Assistant
United States Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.

---

Before **LUCERO**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Frank Gabaldon, a federal prisoner proceeding pro se, appeals the district court's dismissal of his motion under 28 U.S.C. § 2255 on the ground that it was filed more than one year after his convictions became final. This court granted Mr. Gabaldon a certificate of appealability, *see* 28 U.S.C. § 2253(c), on the timeliness issue. *See United States v. Gabaldon*, No. 06-2348 (10th Cir. Sept. 25, 2007) (unpublished). We conclude that, in light of Mr. Gabaldon's showing of state interference with his filing, the district court abused its discretion in dismissing the motion on the record before it. We therefore vacate the dismissal and remand for further proceedings in the district court.

I

Mr. Gabaldon's convictions became final when the Supreme Court of the United States denied certiorari on March 21, 2005. *See Gabaldon v. United States*, 544 U.S. 923 (2005). Consequently, under § 2255's one-year time limit, *see* 28 U.S.C. § 2255(f), his § 2255 motion was due on or before March 21, 2006. On February 2, 2006, however, Mr. Gabaldon was placed in segregation and prison officials confiscated all his legal materials. They did not release his papers until April 4, 2006. He filed his § 2255 motion and an accompanying brief on April 26, 2006, which was 36 days late.

The magistrate judge ordered Mr. Gabaldon to show cause why his motion should not be dismissed as untimely. Mr. Gabaldon responded through an

attorney retained for the limited purpose of responding to the order to show cause.

According to the statement under penalty of perjury that Mr. Gabaldon submitted

to the district court:

> I Frank Gabaldon Declare that on February 2, 2006 I was placed in the Special Housing Unit, this being the third time, and was locked down 24 hours a day 7 days a week. Furthermore, my property was secured and placed in the Property Room. I put in many written requests and made numerous verbal requests, requesting my legal work containing my motion 2255, attached memorandum, caselaw, transcripts, jury instructions, indictment, and relevant documents. Despite these many requests, written and otherwise, my property containing the aforementioned was not issued to me until April 4, 2006. For this reason my motion 2255 and attached memorandum were filed late.

R. Doc. 13, Exh. E. He also presented (1) a statement under penalty of perjury by

his cellmate regarding his requests for the return of his documents and (2) copies

of written requests that he had submitted to prison staff seeking the return of his

documents. In addition, he submitted a copy of a memorandum from an employee

of the United States Penitentiary-Hazelton that stated:

> Inmate Gabaldon . . . was placed in the Special Housing Unit for violation of Bureau rules and regulations on February 02, 2006. I understand that inmate Gabaldon had a deadline of March 21, 2006 for Motion 2255. On February 02, 2006 inmate Gabaldon's property was secured and sent to the Special Housing Unit. Inmate Gabaldon was not issued his property until April 04, 2006. His property contained documents that were needed for his court deadline, Motion 2255; therefore resulting in inmate Gabaldon, Frank . . . to not meet his deadline.

*Id.*, Exh. G. Mr. Gabaldon further asserted in an unsworn submission that when

his legal materials were returned to him on April 4, he mailed copies to his

mother for typing[1] and she had the motion and the brief delivered to the court for filing on April 26, 2006.

The magistrate judge found no ground for equitable tolling and recommended that the § 2255 motion be dismissed as untimely. She stated that Mr. Gabaldon had not been diligent in preparing his materials before his placement in segregation and that the prison's confiscation of his legal papers was not an extraordinary circumstance justifying his failure to file timely. Mr. Gabaldon filed lengthy objections to the magistrate judge's recommendation that detailed the actions he and his family had taken with regard to his claims after the Supreme Court had denied review. The objections included another sworn affidavit supporting Mr. Gabaldon's contentions. After reviewing Mr. Gabaldon's objections, the district court accepted the magistrate judge's recommendation and dismissed the § 2255 motion.

## II

The issue before this court is whether Mr. Gabaldon is entitled to equitable tolling of the statutory one-year limitations period for at least 36 days because prison staff confiscated all his legal materials just six weeks before the expiration

---

[1] Despite Mr. Gabaldon's allegations regarding typing, the § 2255 motion filed on April 26 was handwritten on the court's standard § 2255 form. The accompanying brief, however, appears to be printed from a computer word-processing program.

of the limitations period and held them until two weeks after that period expired.[2]

We review the district court's decision on equitable tolling for an abuse of

discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

Equitable tolling of the limitations period is available "when an inmate

diligently pursues his claims and demonstrates that the failure to timely file was

caused by extraordinary circumstances beyond his control." *Marsh v. Soares*,

223 F.3d 1217, 1220 (10th Cir. 2000). We have stated:

> Equitable tolling would be appropriate, for example, when a prisoner
> is actually innocent, when an adversary's conduct – or other
> uncontrollable circumstances – prevents a prisoner from timely
> filing, or when a prisoner actively pursues judicial remedies but files
> a defective pleading during the statutory period. . . . Moreover, a
> petitioner must diligently pursue his federal habeas claims; a claim of
> insufficient access to relevant law . . . is not enough to support
> equitable tolling.

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations omitted).

*Extraordinary Circumstances*

From the facts in the record before this court, it appears that this may be a

case in which "an adversary's conduct . . . prevent[ed] a prisoner from timely

---

[2]     Mr. Gabaldon also argues that he is actually innocent of the crimes of
which he was convicted. Actual (factual) innocence is a ground for applying
equitable tolling. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). As the
district court recognized, however, Mr. Gabaldon's arguments implicate legal
innocence, not factual innocence.

filing." *Id.*[3] The evidence presented by Mr. Gabaldon indicates that six weeks before the expiration of the limitations period, prison officials confiscated *all* of his legal documents, including a draft § 2255 motion and brief, and refused to return the documents despite his numerous requests before his deadline that they do so. Mr. Gabaldon filed his § 2255 motion just 22 days after officials returned his legal materials to him.

In *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000), the Second Circuit held that "the confiscation of a prisoner's legal papers by a corrections officer shortly before the filing deadline may justify equitable tolling and permit the filing of a petition after the statute of limitations ordinarily would have run." That court found that

> [t]he intentional confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer is 'extraordinary' as a matter of law. . . . And a person is plainly 'prevented' from filing a pleading for some period of time if he is deprived of the sole copy of that pleading, something that the petitioner asserts happened to him here.

---

[3] Because the district court sua sponte determined that the § 2255 motion could not proceed, the government never entered an appearance in the district court. On appeal the government moves to supplement the record with certain documents. The district court should in the first instance have an opportunity to consider this additional evidence. "Consequently, we conclude the circumstances in the present case do not lead us to believe the interests of justice would best be served by exercising our inherent equitable power to allow [the moving party] to supplement the record on appeal[.]" *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000). Accordingly, the record on appeal is the record that was before the district court.

*Id.* at 133-34. The Ninth Circuit has also granted equitable tolling when a prisoner was placed in administrative segregation and denied all access to his legal papers, despite his diligent attempts to retrieve them. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005); *see also Lott v. Mueller*, 304 F.3d 918, 924-25 (9th Cir. 2002) (remanding for further factfinding when prisoner was denied access to his legal files during two temporary transfers that lasted 82 days).

The district court distinguished *Valverde* by stating that Mr. Gabaldon had made "no showing of affirmative or intentional misconduct on the part of a prison official[] in taking the papers in the first instance," and by noting that prison regulations "permit the Warden to restrict the number of legal materials an inmate has access to when in disciplinary segregation." R. Doc. 30 at 3-4. But we do not read *Valverde* as relying on the petitioner's assertion that the seizure was intentional misconduct. *See* 224 F.3d at 135. Further, while prisons "may limit the amount of legal materials an inmate may accumulate for security or housekeeping reasons," 28 C.F.R. § 543.11(d)(2), the complete seizure of *all* legal materials in this case appears to contravene 28 C.F.R. § 543.11(j), which states:

> With consideration of the needs of other inmates and the availability of staff and other resources, the Warden *shall* provide an inmate confined in disciplinary segregation or administrative detention a means of access to legal materials, along with an opportunity to prepare legal documents. The Warden *shall* allow an inmate in segregation or detention a reasonable amount of personal legal materials.

(emphasis added). The word "shall" indicates a mandatory duty. *See Qwest Corp. v. FCC*, 258 F.3d 1191, 1200 (10th Cir. 2001).

The district court also distinguished *Espinoza-Matthews*, noting that it "involved[ed] placement in administrative segregation for the inmate's own protection," whereas Mr. Gabaldon was placed in segregation for "legitimate disciplinary reasons." R. Doc. 30 at 3. It further held that Mr. Gabaldon's "behavior that led to placement in disciplinary segregation is a circumstance within his control." *Id.* at 4. But an inmate's right of reasonable access to legal materials is not conditioned on the type of segregation to which he is assigned – § 543.11(j) does not distinguish between disciplinary segregation and administrative segregation.

We believe that a complete confiscation of Mr. Gabaldon's legal materials just weeks before his filing deadline would constitute extraordinary circumstances for the purposes of equitable tolling.

### *Due Diligence*

The district court also found that Mr. Gabaldon did not pursue his claims with the required diligence before the seizure. It appears to have concluded that he improvidently delayed filing his motion until late in the filing period because he also wanted to file a brief, which was unnecessary for his § 2255 motion. This, however, is not a case in which the movant could not have filed timely no matter what prison officials did or did not do. Before the district court, in sworn

and unsworn submissions, Mr. Gabaldon detailed the numerous actions he took in preparing his § 2255 motion between May 2005 and January 2006.[4]  By the beginning of February 2006, Mr. Gabaldon apparently had documents that were close to being fileable, as his motion and brief were sent to his mother and then filed only 22 days after his materials were returned to him.

Importantly, the statute gives a petitioner *one year* to file.  As the Second Circuit stated, a petitioner

> is not ineligible for equitable tolling simply because he waited until late in the limitations period to file his habeas petition.  He would have acted reasonably by filing his petition any time during the applicable one-year period of limitations.  Extraordinary circumstances cannot 'prevent' a petitioner from filing on time if, prior to the occurrence of those circumstances, the petitioner has been so neglectful in the preparation of his petition that even in the absence of the extraordinary circumstances, a reasonable person in the petitioner's situation would have been unable to file in the time remaining within the limitations period.  A petitioner should not be faulted, however, for failing to file early or to take other extraordinary precautions early in the limitations period against what are, by definition, rare and exceptional circumstances that occur later in that period.

*Valverde*, 224 F.3d at 136 (citation omitted).  It appears that Mr. Gabaldon would have met the one-year deadline had prison officials not seized his materials.  And it does not appear that the effort to prepare a brief otherwise would have caused Mr. Gabaldon to miss the deadline; as he points out, his brief was the culmination

---

[4]     The district court noted that Mr. Gabaldon's filings contained various inconsistencies about the preparation of his materials.  Although we agree that there are some inconsistencies in Mr. Gabaldon's various submissions, they do not appear material to determining whether equitable tolling is appropriate.

of the research that he needed to do to determine what claims he could assert in his motion, and that work would have been necessary whether or not he prepared a brief. But even if he delayed filing his motion in order to prepare his brief, it was his right to do so, because he had one year to file. Holding that he could and should have filed the motion before his documents were seized not only would arbitrarily shorten his limitations period, but also would unduly penalize him for making the effort to research his claims thoroughly and set forth his arguments in as compelling a manner as possible. Given that federal prisoners have only one unrestricted chance to file a collateral attack on their convictions, *see* 28 U.S.C. § 2255(h), they are well-advised to make sure that the motion is thorough and complete.

In addition to exhibiting diligence in pursuing his claims, Mr. Gabaldon demonstrated due diligence in attempting to retrieve his seized legal materials before his filing deadline. He presented his own statement under penalty of perjury asserting that he made multiple requests that his documents be returned before the deadline. He also presented a statement under penalty of perjury by his cellmate regarding his requests for the return of his documents, and he provided copies of written requests that he had submitted to prison staff seeking the return of his documents.

*Conclusion*

Mr. Gabaldon's sworn statements and other evidence establish that the district court abused its discretion in sua sponte dismissing the action on this record. As in *Valverde*, however, "they are not sufficient to establish his ultimate entitlement to equitable tolling." 224 F.3d at 135. In particular, the government has not yet had the opportunity to contest Mr. Gabaldon's allegations in the district court.

### III

We vacate the dismissal of Mr. Gabaldon's § 2255 motion and remand to the district court for further proceedings. As *Valverde* indicates, the district court may use the Rules Governing Section 2255 Proceedings to supplement the record without necessarily convening an evidentiary hearing. *See* 224 F.3d at 135.

The government's motion to supplement the record on appeal is DENIED; the government may present its evidence to the district court in the first instance. The judgment of the district court is VACATED and the case is REMANDED to the district court for further proceedings consistent with this opinion.