**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 30, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEITH L. LEWIS,

　　　　Petitioner–Appellant,

v.

DAVID PARKER, Warden,

　　　　Respondent–Appellee.

No. 08-6130
(D.C. No. 5:08-CV-00103-D)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Keith L. Lewis requests a certificate of appealability ("COA") following

the district court's denial of his 28 U.S.C. § 2254 application for a writ of habeas

corpus. The district court denied Lewis's application because it was time barred

under § 2244(d)(1). For the same reason, we deny Lewis's application for a

COA.

Lewis pleaded guilty in Oklahoma state court to one count of shooting with

intent to kill. On June 16, 2005, the court entered judgment against Lewis and

sentenced him to twenty-five years' imprisonment with all but nineteen years

suspended. He later filed an "Application to Withdraw Plea of Guilty or No

Contest," but the title of the filing is misleading. In the first sentence of this application, Lewis moved the court "to not withdraw his entered plea of guilty." He further indicated that he "[did] not wish to have this matter to be [sic] set for a jury trial." After holding a hearing, the trial court was satisfied that Lewis did not wish to withdraw his guilty plea and entered an order denying withdrawal of the plea on July 13, 2005. Lewis did not appeal this or any other determination. He did file an application for post-conviction relief in the state district court on February 16, 2007, which was summarily denied for lack of verification six days later. Lewis then filed a second application for post-conviction relief and a motion for opportunity to file an appeal out of time in the same court. This joint motion was denied. Oklahoma's Court of Criminal Appeals affirmed the denial.

On January 30, 2008, Lewis filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and a motion for leave to proceed in forma pauperis ("IFP") in the United States District Court for the Western District of Oklahoma. His § 2254 petition was denied based on the one-year limitations period in § 2244(d)(1). Lewis's motion to proceed IFP before the district court was also denied. He then moved to proceed IFP on appeal, but the district court did not rule on his motion. He now seeks a certificate of appealability ("COA") and once again moves to proceed IFP on appeal.

Because the district court denied his habeas petition and Lewis did not seek a COA from that court, Lewis may not appeal the district court's decision absent

a grant of a COA by this court. § 2253(c)(1)(A). To obtain a COA, Lewis must make a "substantial showing of the denial of a constitutional right." § 2253(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as it did here, a petitioner is not entitled to a COA unless he can show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appellate court has discretion to resolve either the procedural or the substantive issue first. Id. at 485.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on § 2254 habeas claims. § 2244(d)(1). In an ordinary case such as this one, the period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The state court entered judgment against Lewis on June 16, 2005. Lewis filed a motion he styled as an application to withdraw his guilty plea, but this motion was resolved on July 13, 2005. Even if this motion delayed the date on which the statute of limitations began to run, Lewis did not file his § 2254 application until more than a year later, on January 30, 2008. Accordingly, he is time barred unless he were to benefit from more than eighteen months of tolling.

- 3 -

Construing his application for a COA liberally, as we must, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), Lewis urges that we consider the limitations period tolled on two bases: (1) his state post-conviction filings and (2) equity. But the state court ruled on Lewis's application to withdraw his plea on July 13, 2005, and he did not file his first state post-conviction motion until February 16, 2007. Even if we were to assume that he properly filed both state applications for post-conviction relief and each tolled the statute of limitations, such tolling did not begin until February 16, 2007. § 2244(d)(2); <u>see</u> <u>Fisher v. Gibson</u>, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Because more than a year passed between the statute of limitations beginning to run and the filing of his first state motion, any tolling during the pendency of his state motions cannot, by itself, make his § 2254 petition timely.

Finally, equitable tolling may be proper in rare and exceptional circumstances. <u>Coppage v. McKune</u>, 534 F.3d 1279, 1280 (10th Cir. 2008). Such circumstances may arise when a petitioner "diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." <u>United States v. Gabaldon</u>, 522 F.3d 1121, 1124 (10th Cir. 2008) (quotation omitted). We agree with the district court that there were no extraordinary circumstances beyond Lewis's control. Equitable tolling is also appropriate when a defendant is actually innocent of the crimes of which he was convicted. <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000).

Lewis argues that he is innocent because he did not have sufficient mens rea. But he has made no showing "'that it is more likely than not that no reasonable juror would have convicted him'" of the offense. Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Further, Lewis's claim that the court did not establish a factual basis for his conviction faces the same deficiency; he does not make the required showing of actual innocence. Accordingly, jurists of reason would not find debatable the district court's conclusion that Lewis's claim was time barred because no sufficient tolling doctrine applied.

Thus, Lewis's application for a COA is **DENIED** and his appeal is **DISMISSED**. His motion to proceed IFP is **GRANTED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge