**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 4, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DEWAYNE ALLEN KNOWLES,

    Petitioner - Appellant,

v.

GREG PROVINCE, Warden,

    Respondent - Appellee.

No. 09-6061
(D.C. No. CV-08-1018-D)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

    Petitioner-Appellant DeWayne Allen Knowles, a state prisoner proceeding

pro se, seeks a certificate of appealability (COA) under 28 U.S.C. § 2253(c)(1)(A)

to challenge the district court's dismissal of his habeas corpus petition.[1]

---

[*]     This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining Petitioner-Appellant's brief and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]     Because the district court did not address the issuance of a COA, its failure to issue a COA was deemed a denial pursuant to Fed. R. App. P. 22(b)(1) and 10th Cir. R. 22.1(C). The government has not filed a brief on appeal. *See*

(continued...)

Affording solicitous consideration to Mr. Knowles's pro se filings, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we find that no reasonable jurist could conclude that the district court's ruling was incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We accordingly deny his request for a COA and dismiss his appeal.

## STANDARD OF REVIEW

We will issue a COA permitting Mr. Knowles to appeal only if he makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). To make this showing, he must establish "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack*, 529 U.S. at 484 (internal quotation marks omitted). Our inquiry does not require a "full consideration of the factual or legal bases adduced in the support of the [applicant's] claims," but rather "an overview of the claims . . . and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Because the district court rejected the 28 U.S.C. § 2254 petition on procedural grounds, Mr. Knowles must demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

(...continued)
10th Cir. R. 22.1(D).

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

## DISCUSSION

Under 28 U.S.C. § 2244(d)(1), the one-year statute of limitations applied to § 2254 habeas petitions begins to run from the latest of four dates, two of which are relevant here. The first is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The second is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(D). As outlined by the district court, Mr. Knowles's conviction became final for statute of limitations purposes on July 31, 2003. It was not until 2007, however, that he first filed for state postconviction relief, and he did not file his federal § 2254 petition until September 24, 2008. Accordingly, the district court determined that Mr. Knowles's habeas petition was time-barred under § 2244(d)(1)(A) and dismissed the petition with prejudice.

The one-year limitations period of § 2244(d)(1) "may be equitably tolled if the petitioner diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007) (internal quotation marks omitted). Mr. Knowles argues that he should receive the benefit of equitable

-3-

tolling to extend the limitations period on his § 2254 petition, which alleged a Sixth Amendment violation due to ineffective assistance of counsel. On appeal, a district court's denial of equitable tolling is reviewed for abuse of discretion. *Id.*; *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008). Therefore we will grant a COA regarding the district court's ruling that Mr. Knowles is not entitled to equitable tolling "only if reasonable jurists could debate whether the court's refusal to toll the statute of limitations was an abuse of discretion." *Fleming*, 481 F.3d at 1254-55.

Liberally construing Mr. Knowles's filings and having reviewed the COA application, the district court's order, and the entire record on appeal, we are not persuaded that jurists of reason would find it debatable whether the district court abused its discretion in ruling that Mr. Knowles is not entitled to equitable tolling. Mr. Knowles argues that he did not realize that he had been prejudiced by his counsel's performance until 2007, when he began receiving advice and assistance from other inmates. Further, Mr. Knowles asserts that it was not until March 2008, when he received copies of some state-court hearing transcripts, that he learned that certain witnesses' testimony could have been challenged at trial, as he could not recollect their specific testimony from memory.

As fully explained by the district court, however, Mr. Knowles's assertion that he was not aware of the legal basis for his claim until 2007 does not excuse the years of delay before his filing for habeas relief. Mr. Knowles has not demonstrated "'that he has been pursuing his rights diligently'" or "'that some extraordinary circumstance stood in his way,'" as is required for equitable tolling.

*Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)).  "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted).  Nor is it reasonably debatable that § 2244(d)(1)(D) does not operate here to allow Mr. Knowles's habeas petition to proceed.  Mr. Knowles has not shown that the state-court records he received provided a factual predicate for his claim that could not have been discovered through the exercise of due diligence prior to March 2008.  *See* 28 U.S.C. § 2244(d)(1)(D).

## CONCLUSION

The district court's dismissal of Mr. Knowles's § 2254 petition as time-barred is not reasonably debatable.  For substantially the same reasons provided by the district court, we **DENY** Mr. Knowles's request for a certificate of appealability and **DISMISS** his appeal.  His motion to proceed *in forma pauperis* is **GRANTED**.

Entered for the Court

Jerome A. Holmes
Circuit Judge

-5-