**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID MARLAND LEONARD, JR.,

Defendant - Appellant.

No. 09-6155
(W.D. Oklahoma)
(D.C. Nos. 5:03-CR-00203-D-1 and
5:08-CV-00044-D)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

---

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

---

This matter is before the court on David Leonard's pro se request for a

certificate of appealability ("COA"). Leonard seeks a COA so he can appeal the

district court's dismissal, on timeliness grounds, of his 28 U.S.C. § 2255 motion.

*See* 28 U.S.C. § 2253(c)(1)(B) (providing that no appeal may be taken from a

final order denying a § 2255 motion unless the movant first obtains a COA); *id.*

§ 2255(f)(1) (setting out a one-year statute of limitations on § 2255 motions

running from the date on which the conviction became final). Because Leonard

has not "made a substantial showing of the denial of a constitutional right," *id.*

§ 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Following a jury trial in district court, Leonard was convicted of two counts of involuntary manslaughter and one count of assault resulting in serious bodily injury. This court affirmed Leonard's convictions on direct appeal. *United States v. Leonard*, 439 F.3d 648 (10th Cir. 2006). Leonard's convictions became final when the Supreme Court denied certiorari on June 26, 2006. *See Leonard v. United States*, 548 U.S. 917 (2006) (denying Leonard's petition for a writ of certiorari); *United States v. Gabaldon*, 522 F.3d 1121, 1123 (10th Cir. 2008) (noting movant's convictions became final upon the Supreme Court's denial of certiorari). Leonard filed the instant § 2255 motion on January 14, 2008, more than six months beyond the one-year limitations period set out in § 2255(f)(1).

Before the district court, Leonard recognized his § 2255 motion was untimely, but asserted he was entitled to equitable tolling because the attorney he hired to represent him "never filed anything." In a comprehensive order, the district court concluded the allegations set out in Leonard's filings demonstrated, at most, simple negligence on the part of his retained counsel. Relying on binding precedent from this court, the district court further concluded that simple attorney negligence was insufficient to justify equitable tolling. *Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007) (holding that although "egregious attorney misconduct may constitute extraordinary circumstances that justify equitable tolling," "attorney negligence is not extraordinary and clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their

attorneys' actions or failures" (quotation omitted)). Thus, the district court denied Leonard's request for equitable tolling and dismissed his § 2255 motion as untimely.

The granting of a COA is a jurisdictional prerequisite to Leonard's appeal from the denial of his § 2255 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Leonard must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). When a district court dismisses a § 2255 motion on procedural grounds, a movant is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000). In evaluating whether Leonard has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Leonard need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* As a further overlay on this standard, we

review for abuse of discretion the district court's decision that Leonard is not entitled to have the limitations period in § 2255(f) equitably tolled. *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

Having undertaken a review of Leonard's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Leonard is not entitled to a COA. The district court's resolution of Leonard's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. In particular, the district court did not abuse its discretion in determining Leonard failed to demonstrate the type of extraordinary circumstances that would justify equitably tolling the limitations period set out in § 2255. Accordingly, this court **DENIES** Leonard's request for a COA and **DISMISSES** this appeal. Leonard's request to proceed on appeal *in forma pauperis* is **GRANTED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge