FILED
United States Court of Appeals
Tenth Circuit

January 20, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FRANK GABALDON,

    Defendant - Appellant.

No. 09-2142
(D.C. Nos. 06-CV-00343 and
1:02-CR-01056-WJ-1)
(D.N.M.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

Defendant-Appellant Frank Gabaldon, a federal inmate appearing pro se, seeks to appeal from the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Because Mr. Gabaldon has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability ("COA") and dismiss the appeal. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Background

We previously set forth the factual background of this case in United States v. Gabaldon (Gabaldon I), 389 F.3d 1090, 1093-94 (10th Cir. 2004). A jury

convicted Mr. Gabaldon of second degree murder and kidnaping resulting in death. This court affirmed his conviction upon direct appeal. Gabaldon I, 389 F.3d 1090. Mr. Gabaldon then sought § 2255 relief, asserting claims of ineffective assistance of counsel and incomplete jury instructions. The district court denied Mr. Gabaldon's § 2255 motion, ruling that it was time-barred. On appeal, this court vacated the district court's judgment and remanded the matter for further proceedings concerning equitable tolling of the limitations period. United States v. Gabaldon (Gabaldon II), 522 F.3d 1121 (10th Cir. 2008).

Upon remand, the government argued that Mr. Gabaldon's § 2255 motion should be denied as untimely and without merit. 1 R. 245. The magistrate judge then recommended that the motion be considered timely but without merit. 1 R. 429, 433, 449, 458. After considering Mr. Gabaldon's objections, the district court adopted the magistrate judge's recommendations and denied the § 2255 motion and a subsequent motion to reconsider. 1 R. 603-05, 616-17.

## Discussion

Mr. Gabaldon raises five separate claims for which he requests a COA. In reality, four claims revolve around his contention that the trial court should have instructed the jury that voluntary intoxication is a defense to charges of aiding and abetting second-degree murder and kidnaping. He contends that the court's instructions deprived him of a fair trial, that his trial counsel was ineffective for

failing to object or otherwise move to remedy the instructions, and that his

appellate counsel was ineffective for failing to raise this issue on appeal. He

additionally contends that his appellate counsel was ineffective on direct appeal

for failing to claim ineffective assistance of trial counsel for failure to prepare

and investigate for trial. Mr. Gabaldon's trial counsel served as his appellate

counsel. Aplt. Br. at 2.

In order to obtain a COA, Mr. Gabaldon must make a "substantial showing

of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that

"reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." Slack, 529 U.S. at 484; see Miller-El v. Cockrell,

537 U.S. 322, 338 (2003). The instruction at issue provided:

> You may consider evidence of intoxication in deciding whether
> the government has proved beyond a reasonable doubt that the
> defendant acted with the intent to commit first degree murder or the
> offenses charged in Counts III, IV and V.

1 R. 50. The instruction did not include the lesser included offense of second

degree murder (located under Count I, first degree murder, on the verdict form) or

Count II (kidnaping resulting in death). Although Mr. Gabaldon argues that this

instruction precludes consideration of an intoxication defense on the omitted

offenses, Aplt. Br. at 21, 25, that is by no means certain. In argument, the parties

did not separate voluntary intoxication from any of the crimes. 1 R. 445.

The failure to explicitly reference second degree murder or include a

reference to kidnaping in the voluntary intoxication instructions would be subject to harmless error review for instructional errors. See Hedgpeth v. Pulido, 129 S. Ct. 530, 532 (2008); Neder v. United States, 527 U.S. 1, 10-11 (1999); California v. Roy, 519 U.S. 2, 5 (1996). Thus, Mr. Gabaldon must prove that the error "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (quotation marks and citation omitted); United States v. Dago, 441 F.3d 1238, 1246 (10th Cir. 2006). We do not think that the magistrate judge's apparent conclusion that this standard cannot be met is reasonably debatable. 1 R. 446-49. Here, the jurors received an aiding and abetting instruction specifically linked to Counts I and II alerting the jurors to the requirement of specific intent for aiding and abetting liability. Merely because they acquitted on the counts referenced in the voluntary intoxication instruction, hardly suggests that they believed Mr. Gabaldon voluntarily participated in, but lacked the specific intent to violate the law due to intoxication. As discussed below, there was overwhelming evidence of both principal and aiding and abetting liability on both counts at issue.

The magistrate judge correctly recognized that (1) the jury was correctly instructed on aiding and abetting, (2) voluntary intoxication could be a defense to aiding and abetting second degree murder and kidnaping, and (3) a more inclusive jury instruction on voluntary intoxication might have been given had it been requested. See United States v. Jackson, 213 F.3d 1269, 1292 (10th Cir. 2000);

- 4 -

United States v. Sayetsitty, 107 F.3d 1405, 1412 (9th Cir. 1997). Although a defendant is entitled to an instruction given evidence supporting his theory of a legally-recognized defense, counsel did not request a more explicit instruction[1] and probably for good reason.

Contrary to the views of the magistrate judge, 1 R. 441, 444, aiding and abetting was not the sole theory of liability in this case. Rather, as we indicated in our prior opinion and as Mr. Gabaldon raised in his petition for certiorari, powerful evidence suggested principal liability—that Mr. Gabaldon had the capacity to plan and execute both the kidnaping and the second degree murder. Mr. Gabaldon recognized this in his § 2255 motion. 1 R. 19. In fact, in affirming the sufficiency of the evidence on the kidnaping count, we did not mention aiding and abetting. Gabaldon I, 389 F.3d at 1094-98. We did mention evidence suggesting Mr. Gabaldon's direct participation: he joined Mr. Begay in beating the victim unconscious and provided a shoelace to Mr. Begay and instructed him on how to strangle the victim. Id. at 1093. Mr. Gabaldon's petition for certiorari echoes this evidence. Petition for Writ of Certiorari, Gabaldon v. United States, No. 04-1111, 2005 WL 415080, at *3-*4 (Feb. 11, 2005). Had counsel requested a more explicit voluntary intoxication instruction on aiding and abetting these two offenses, that surely would have resulted in flagging that while voluntary

---

[1] Counsel's proposed voluntary intoxication instruction, Aplt. Br. at 4-5, mistakenly included the substantive offense of kidnaping which the district court properly omitted, 1 R. 50.

intoxication could be a defense to aiding and abetting, it could <u>not</u> be a defense to the substantive offenses themselves. Such a focus could well have been counter-productive given the substantial evidence of guilt on both theories. Thus, we cannot agree that Mr. Gabaldon's counsel rendered deficient performance by not clarifying the reach of the voluntary intoxication jury instruction. <u>See Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) (ineffective assistance requires a showing of deficient performance and prejudice). Accordingly, Mr. Gabaldon has not established ineffective assistance of counsel, either in its own right concerning his trial and appellate counsel, or as cause for procedural default, <u>see</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). Insofar as the failure to call trial witnesses, we do not think the magistrate judge's conclusions are reasonably debatable; we only add that it is highly doubtful that securing a similar vehicle for Dr. Watts to test his theory would have resulted in a different outcome of this issue on appeal. <u>Gabaldon I</u>, 389 F.3d at 1099.

Accordingly, we DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge