FILED
United States Court of Appeals
Tenth Circuit

February 24, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT McBRIDE,

Defendant - Appellant.

No. 13-4144
(D.C. No. 2:11-CR-00923-TS-1)
(D. Utah)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **PHILLIPS**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **BALDOCK**, Circuit Judge.

Robert McBride, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his "Motion Challenging Subject Matter Jurisdiction," which the district court construed as a motion seeking relief under 28 U.S.C. § 2255. Because we agree with the district court that Mr. McBride's § 2255 motion was untimely, we deny a COA and dismiss this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On February 14, 2012, Mr. McBride entered a guilty plea to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On June 20, 2012, the district court sentenced him to the mandatory minimum of 120 months of imprisonment. He did not file a direct appeal.

On August 14, 2013, Mr. McBride filed his Motion Challenging Subject Matter Jurisdiction. In the motion, he argued that his conviction and sentence should be vacated because the government had not established the jurisdictional element necessary to finding him guilty. The district court construed the motion as one seeking relief under § 2255 because it attacked the validity of Mr. McBride's conviction. The court denied the motion, concluding that the motion was time-barred and that there was no basis for equitable tolling. Mr. McBride now seeks a COA to appeal from that denial.

A COA requires that an applicant make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court dismisses a § 2255 motion on procedural grounds, the movant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because both of these elements must be shown, the court may address them in whatever sequence is convenient. *Id*. at 485. For the following reasons, the procedural ruling is dispositive of this matter.

Section 2255 contains a one-year limitations period that runs from the date on which the conviction becomes final. 28 U.S.C. § 2255(f)(1). Mr. McBride's conviction became final on July 9, 2012, the date on which his time to file a direct appeal expired. He then had until July 9, 2013, to file his § 2255 motion. Because he did not file his motion until August 14, 2013, it was untimely.

Before the district court, however, Mr. McBride argued that the one-year limitations period should be equitably tolled because he is actually innocent. We have recognized actual innocence as a basis for equitable tolling. *United States v. Gabaldon*, 522 F.3d 1121, 1124 n.2 (10th Cir. 2008).

Mr. McBride's claim of actual innocence is premised on our decision in *United States v. Sturm*, 672 F.3d 891, 897–99 (10th Cir. 2012), which involved an analysis of the jurisdictional component of several child pornography statutes. In *Sturm*, we concluded that the government "may satisfy the jurisdictional element of each of the statutes at issue if it presented evidence that the substantive content of the images has, at some point, traveled in interstate or foreign commerce." *Id*. at 892.

Mr. McBride contends he is actually innocent because the images he possessed were produced in Utah and never traveled out of the state. As a result, he argues that the government failed to meet its burden on this jurisdictional element.

In this case, Mr. McBride was charged in Count II of the Indictment with

> knowingly possess[ing] any matter containing one or more images of child pornography that had been mailed, shipped, and transported in interstate foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped, and

- 3 -

transported in interstate and foreign commerce by any means, including by computer, . . . all in violation of 18 U.S.C. § 2252A(a)(5)(B).

R. vol. 1, at 9. He entered a guilty plea to this count, admitting that he possessed images of child pornography, including some (taken with his own phone) of a 14-year old girl. He also admitted that these images were produced with materials from interstate commerce.

To satisfy the jurisdictional nexus in § 2252A(a)(5)(B), an image must have traveled in interstate commerce *or* have been produced using materials that have traveled in interstate commerce.[1] As the district court explained, even if the images themselves did not travel in interstate commerce, the jurisdictional nexus is met because Mr. McBride admitted "that the images were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce." R. vol. 1, at 152–53.

---

[1]    That section provides:

> Any person who . . . knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by an means, including by computer, *or* that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer[.]

18 U.S.C. § 2252A(a)(5)(B) (emphasis added).

- 4 -

The district court therefore concluded that Mr. McBride's claim of actual innocence must fail and his § 2255 motion must be denied as untimely. Reasonable jurists could not debate the district court's denial of Mr. McBride's § 2255 motion as time-barred. Accordingly, we deny his request for a COA and dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk