**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RYAN A. FREEBURG,

      Defendant - Appellant.

No. 15-6198
(D.C. Nos. 5:15-CV-00820-D and
5:12-CR-00151-D-1)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

Ryan A. Freeburg, a federal prisoner proceeding pro se,[1] wants to appeal from the

denial of his 28 U.S.C. § 2255 motion. His request for a certificate of appealability

(COA) was denied by the district judge, prompting him to reapply in this Court. Because

he has not "made a substantial showing of the denial of a constitutional right," *see* 28

U.S.C. § 2253(c)(2), we too deny a COA.

**I.  Background**

Freeburg pled guilty to being a felon in possession of a firearm. 18 U.S.C. §

---

[1] We have liberally construed Freeburg's pro se pleadings, stopping short,
however, of serving as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975
(10th Cir. 2009).

922(g). His criminal history included (1) possession of a controlled drug with intent to distribute in violation of Okla. Stat. Ann. tit. 63, § 2-401(A)(1); (2) feloniously pointing a firearm in violation of Okla. Stat. Ann. tit. 21, § 1289.16; and (3) aggravated assault in violation of Ohio Rev. Code § 2903.12(A)(1). The probation officer determined the drug conviction was a "serious drug offense" and the latter two convictions constituted "violent felon[ies]" under the Armed Career Criminal Act (ACCA) and therefore Freeburg was subject to the ACCA's enhanced penalties. 18 U.S.C. § 924(e); *see also* USSG §4B1.4. Initially, Freeburg objected to the enhancement, arguing his Ohio aggravated assault conviction was not an ACCA predicate offense. He withdrew that objection prior to sentencing. The judge then sentenced him to 15 years imprisonment, the mandatory minimum sentence required by the ACCA. *Id.* We dismissed Freeburg's untimely appeal on February 13, 2014. *See United States v. Freeburg*, No. 14-6021 (10th Cir. Feb. 13, 2014). He did not seek certiorari review. Thus, his conviction became final on May 14, 2014. *See* Sup. Ct. Rule 13(1); *Clay v. United States*, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires.").

Over a year later, in July 2015, Freeburg filed his § 2255 petition, arguing his convictions for feloniously pointing a firearm and aggravated assault no longer qualified as "violent felon[ies]" in light of *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court decided the ACCA's definition of "violent felony" to include any felony that "otherwise involves conduct that presents a serious

- 2 -

potential risk of physical injury to another" (commonly referred to as the residual clause) is unconstitutionally vague. *Id.* at 2557, 2563. In so holding, however, it left untouched the remainder of the ACCA's definition of "violent felony" including a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another"—the physical force prong. *Id.* at 2563; 18 U.S.C. § 924(e)(2)(B)(i).

The district judge denied Freeburg's § 2255 motion. He recognized the motion was filed more than one year after Freeburg's conviction became final, *see* 28 U.S.C. § 2255(f)(1), but concluded the motion was nevertheless timely because it was filed within one year of *Johnson*. *See* 28 U.S.C. § 2255(f)(3) (one year statute of limitations runs from latest of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). However, he decided *Johnson* did not affect Freeburg's sentence because his convictions for feloniously pointing a firearm and aggravated assault were "violent felon[ies]" under the physical force prong of the ACCA. *See United States v. Hood*, 774 F.3d 638, 645-46 (10th Cir. 2014) (a conviction for violating Okla. Stat. Ann. tit. 21, § 1289.16 (feloniously pointing a firearm) constitutes a "violent felony" under the ACCA's physical force prong where the offense involves the defendant pointing a firearm for the purpose of threatening and intimidating the victim); *United States v. Anderson*, 695 F.3d 390, 400-01 (6th Cir. 2012) (a conviction for violating Ohio Rev. Code § 2903.12(A) (aggravated assault) is categorically a "violent felony" under the physical force prong of the ACCA).

## II. Discussion

- 3 -

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

Freeburg argues his Ohio aggravated assault conviction under Ohio Rev. Code § 2903.12(A)(1) fails to satisfy the physical force prong of the ACCA.[2] According to him, the statute's language does not require the use of physical force, only that he knowingly caused serious physical harm to another. He relies on our decision in *United States v. Perez-Vargas*, where we held third degree assault under Colo. Rev. Stat. § 18-3-204(1)(a) did not constitute a "violent felony" under USSG §2L1.2, comment. (n.1(B)(iii)) because the statutory language does not necessarily require the use or threatened use of physical force and we found no Colorado state court cases definitely holding it did.[3] 414 F.3d

---

[2] In his initial COA application and opening brief, Freeburg argued (1) his prior convictions for feloniously pointing a firearm and aggravated assault were no longer ACCA predicate offenses under *Johnson* and (2) the judge erred in concluding these convictions constituted "violent felon[ies]" under the physical force prong of the ACCA. He has since moved to amend his COA application and opening brief. We grant his motion. In his amended pleading, he argues only that his prior conviction for aggravated assault is not a "violent felony" under the physical force prong of the ACCA under *United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005).

[3] *Compare* Colo. Rev. Stat. § 18-3-204(1)(a) ("A person commits the crime of

- 4 -

1282, 1285-86 (10th Cir. 2005).

But *Freeburg* waived this claim by intentionally withdrawing it at sentencing.[4] *United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006) ("[W]aiver is the intentional relinquishment or abandonment of a known right"; "a party that has *waived* a right is not entitled to appellate relief.") (quotation marks omitted); *see also United States v. Zubio-Torres*, 550 F.3d 1202, 1205 (10th Cir. 2008) ("We typically find waiver in cases where a party has invited the error that it now seeks to challenge, or where a party attempts to reassert an argument that it previously raised and abandoned below."). However, even if he had not waived the argument, it is untimely.

Under § 2255(f)(1), Freeburg had one year from the date his conviction became final in May 2014 to file his § 2255 petition. He did not file his petition until July 2015. Both the government and the district judge recognized the untimeliness of his petition. Nevertheless, the judge decided his *Johnson* claim was timely under 28 U.S.C. § 2255(f)(3). That statute extends the limitation period if the petition is based on a right newly recognized by the Supreme Court and made retroactive to cases on collateral appeal. While his *Johnson* claim satisfies this requirement, his *Perez-Vargas* claim does

---

assault in the third degree if . . . [t]he person knowingly or recklessly causes bodily injury to another person or with criminal negligence the person causes bodily injury to another person by means of a deadly weapon") *with* Ohio Rev. Code § 2903.12(A)(1) ("No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly . . . [c]ause serious physical harm to another or to another's unborn.").

[4] Freeburg has not claimed his counsel was ineffective in withdrawing the claim prior to sentencing.

- 5 -

not and he has withdrawn his *Johnson* claim. *See infra* n.2. By doing so, he has eliminated the basis for consideration of his otherwise untimely petition.[5] Simply put, § 2255(f)(3) allowed additional time for his *Johnson* claim; it does not extend the time so as to permit him to resurrect a claim he abandoned in the district court. He has outmaneuvered himself.

We **DENY** a COA and **DISMISS** this matter. We **GRANT** Freeburg's Motion to Amend his COA Application and Opening Brief and to Substitute his Amended COA Application and Opening Brief. Freeburg's request to proceed on appeal *in forma pauperis* or *ifp* is **DENIED AS MOOT**. The relevant statute, 28 U.S.C. § 1915(a), does not permit litigants to avoid payment of fees, only prepayment of fees. Since we have reached the merits of this matter, prepayment of fees is no longer an issue. Freeburg is,

---

[5] Freeburg is not entitled to equitable tolling. "Equitable tolling of the limitations period is available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (quotation marks omitted). *Perez-Vargas* was decided prior to Freeburg's sentencing and the filing of his § 2255 petition. Yet, he did not raise it until now. That is not diligence. Freeburg claims he is pro se, has no formal education or training in the law, and at the time he filed his original COA application and opening brief he was "in transit and new to [the prison]" and therefore "had to rely on anyone he could find to assist him with [it]." (Motion to Amend COA Application and Opening Br. at 1-2.) These are not extraordinary circumstances justifying equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (a pro se prisoner's ignorance of the law generally does not constitute an extraordinary circumstance justifying equitable tolling and assistance from an inmate law clerk "does not relieve [a petitioner] from the personal responsibility to comply with the law").

nevertheless, required to pay all filing and docketing fees ($505.00) to the Clerk of the

District Court.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge