FILED
United States Court of Appeals
Tenth Circuit

December 14, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EDWARD CRIST,

    Defendant - Appellant.

No. 22-2090
(D.C. Nos. 1:21-CV-00098-JCH-KBM &
1:16-CR-04356-JCH-KBM-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Petitioner Edward Crist, a federal prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to appeal the district court's dismissal of his 28 U.S.C.

§ 2255.  Because Crist has failed to satisfy the standards for issuance of a COA, we deny

his application for COA and his request to proceed in forma pauperis, and dismiss this

matter.

I

In April 2019, Crist pleaded guilty in the United States District Court for the

District of New Mexico to one count of interference with interstate commerce by

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

robbery, in violation of 18 U.S.C. § 1951, and one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Under the terms of his written plea agreement with the government, Crist and the government agreed "that a specific sentence of 180 months to 264 months [wa]s the appropriate disposition in the[] case." ROA, Vol. I at 22. Crist also, under the terms of the plea agreement, expressly waived the right to appeal his convictions and any sentence, and also expressly "waive[d] any collateral attack to the . . . conviction(s) and any sentence." *Id.* at 26–27.

Crist was sentenced on October 10, 2019, to a total term of imprisonment of 220 months. Final judgment was entered in the case that same day.

On February 4, 2021, Crist filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Crist alleged two grounds for relief in his motion. First, he alleged that he was denied the effective assistance of counsel during the plea process because his counsel failed to conduct an adequate investigation and failed to move to suppress evidence. Second, he alleged that the trial court lacked jurisdiction to impose sentence and judgment. In support, Crist alleged that the indictment failed to state an offense, the factual basis for the guilty plea failed to correct the deficiencies in the indictment, and the trial court never established jurisdiction. Crist, with the permission of the district court, subsequently amended his § 2255 motion to add three additional claims for relief (two additional ineffective assistance of counsel claims, as well as a claim that

his § 922(g) conviction should be vacated pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019)).[1]

On May 6, 2022, the district court issued a memorandum opinion and order dismissing the amended petition with prejudice as time-barred. The district court noted that the judgment in Crist's criminal case "became final no later than October 26, 2019, following the expiration of the 14-day appeal period." *Id*. at 55. The district court thus concluded that, "[a]bsent tolling, the [one-year] limitation period" set forth in 28 U.S.C. § 2255(f) "expired on October 26, 2020, and Crist's § 2255 motion" was untimely. *Id*. Although Crist argued that he was entitled to equitable tolling of the one-year limitations period "based on his lack of access to the library and inmate paralegals during COVID-19 lockdowns," the district court rejected those arguments, noting that Crist failed to "specify how long the lockdown[s] lasted" and also "fail[ed] to show he made any diligent efforts to pursue [his] claims during the five months before COVID restrictions were in place or after the lockdowns." *Id*. at 59. The district court also rejected Crist's argument that the one-year limitations period did not apply to his claims that the trial court lacked jurisdiction over him and that his § 922(g) conviction should be vacated pursuant to *Rehaif*. Lastly, the district court denied Crist a COA.

Final judgment was entered on May 6, 2022. Crist filed a notice of appeal and subsequently filed an application for COA with this court.

---

[1] In *Rehaif*, which was decided on June 21, 2019, the Supreme Court held that "[t]o convict a defendant" of violating 18 U.S.C. §§ 922(g) and 924(a)(2), "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S.Ct. at 2194.

II

To appeal from the district court's denial of his § 2255 motion, Crist must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B); *Clark v. Okla.*, 468 F.3d 711, 713 (10th Cir. 2006) ("A COA is a jurisdictional pre-requisite to our review."). We will issue a COA only if Crist makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally speaking, a defendant seeking a COA must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Here, because the district court dismissed Crist's § 2255 motion on procedural grounds, Crist must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. In assessing whether Crist has made these showings, we review the district court's factual findings for clear error and its legal conclusions de novo. *English v. Cody*, 241 F.3d 1279, 1282 (10th Cir. 2001). We also review for abuse of discretion the district court's decision whether to apply equitable tolling. *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008).

Having reviewed Crist's application for COA and the record on appeal, we conclude that Crist has failed to demonstrate that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Notably, Crist makes no attempt in his application for COA to address the district court's conclusions regarding

4

the timeliness of his § 2255 motion and its rejection of his requests for equitable tolling. And, in any event, we agree with the district court's procedural ruling.

As the district court noted, "[a] 1-year period of limitation . . . appl[ies] to a motion under" § 2255.  28 U.S.C. § 2255(f).  Typically, that limitation period runs from "the date on which the judgment of conviction becomes final." *Id*. § 2255(f)(1).  If a defendant files a § 2255 motion after the one-year limitation period expires, the motion is barred unless the district court grants equitable tolling of the statute of limitations. *Gabaldon*, 522 F.3d at 1124.  "Equitable tolling of the limitation[] period is available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Id*. (internal quotation marks omitted).  Equitable tolling, however, is considered "a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007).  Although Crist made vague references to being unable to timely file his § 2255 motion due to the effects from COVID-19 lockdowns, we agree with the district court that Crist failed to provide any details of the lockdowns or their effects, and in any event failed to demonstrate that he otherwise diligently pursued his claim.  We therefore conclude that Crist has failed to establish his entitlement to a COA.

III

The application for COA and Crist's motion to proceed in forma pauperis are

DENIED, and the matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge