**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LEOBARDO MORALES-RAMIREZ,
a.k.a. Leon Ramiro, a.k.a. Lencho,
a.k.a. Ramiro Leon, a.k.a. Andres
Cruz-Barajas, a.k.a. Andres Tavares-
Cruz,

      Defendant-Appellant.

No. 06-2256
(D.C. No. CR-05-920 JB)
New Mexico

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY,** Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and
**HOLMES,** Circuit Judge.

---

On April 27, 2005, Leobardo Morales-Ramirez (the defendant) and Sara

Diega Delgado were jointly charged in the United States District Court for the

District of New Mexico in a two-count indictment as follows: (1) conspiring from

March 27 to March 29, 2005, with each other, and others, to possess and

distribute over one kilogram of heroin contrary to 21 U.S.C. § 841(a)(1) and 21

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1

U.S.C. § 841(b)(1)(A), in violation of 21 U.S.C. §846 and (2) with possession on or about March 29, 2005, with an intent to distribute over one kilogram of heroin in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 2, Aiding and Abetting. Delgado, the co-defendant of this defendant, pled guilty under the terms of a plea agreement and later testified at defendant's trial as a government witness. The defendant was tried and found guilty by a jury on both counts. He was sentenced to imprisonment for 240 months. Defendant filed a timely notice of appeal.

On appeal, the only issue raised by counsel is the sufficiency of the evidence to support either of the two convictions suffered by the defendant. Our review of the record convinces us that there is sufficient evidence to support both convictions. A brief review of the evidence adduced at trial will demonstrate that the evidence was amply sufficient to support the jury's verdicts.

In Albuquerque, New Mexico, Drug Enforcement Administration (DEA) agents found a suitcase containing about 5 kilograms of heroin on an Amtrak train. Agents determined that the suitcase belonged to Delgado. When confronted by the agents she eventually admitted that she was taking the heroin from California to Chicago at the request of the defendant who was paying her $2,000 for so doing. Subsequent investigation in an Amtrak station in Oceanside, California, disclosed video tapes showing defendant buying a ticket for a woman at the station. Additionally, the surveillance tapes showed the defendant

accompanying the woman to the train and pulling a suitcase behind him. At trial, Delgado testified that it was, in fact, herself and defendant depicted in the video. The defendant, exercising his constitutional right, did not testify at trial.

On appeal, counsel suggests that the evidence is legally insufficient to support either of the verdicts and results from "piling inference upon inference". We do not agree. In *United States v. Magallanez*, 408 F.3d 672, 682 (10th Cir. 2005) we held that "a conviction may stand merely on the uncorroborated testimony of an accomplice." In the instant case, the testimony of Delgado was, in fact, "corroborated" in considerable detail. In short, the jury, as it had the right to do, accepted Delgado's version of events. The reliability of Delgado was a matter for the jury, and they have spoken. In this regard, *see United States v. McKissick,* 204 F.3d 1282, 1289-90 (10th Cir. 2000) where we stated: "It is for the jury, as the fact finder, to resolve conflicting testimony, weigh the evidence, and draw inferences from the facts presented."

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge