**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

LEOBARDO MORALES-RAMIREZ,

　　　　Defendant-Appellant.

Nos. 10-2277 & 11-2021
(D.C. Nos. 1:10-CV-00030-JB-WDS
& 1:05-CR-00920-JB-2)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, Circuit Judge, **HOLLOWAY** and **PORFILIO**, Senior Circuit Judges.

　　　Leobardo Morales-Ramirez has filed a combined application for a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2255 motion as untimely (case no. 10-2277) and to appeal the district court's dismissal of his Fed. R. Civ. P. 60(b) motion for lack of jurisdiction (case no. 11-2021). We deny Mr. Morales-Ramirez's request for a COA in both cases.

---

[*]　　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Background

Mr. Morales-Ramirez was convicted after a jury trial of conspiring to possess and distribute over one kilogram of heroin and of possessing with an intent to distribute over one kilogram of heroin. He was sentenced to 240 months' imprisonment. On December 27, 2007, we affirmed his convictions. *See United States v. Morales-Ramirez*, 260 F. App'x 25, 27 (10th Cir. 2007).

On January 11, 2010, more than two years after we affirmed his convictions, Mr. Morales-Ramirez filed for relief under § 2255. The district court entered an order directing Mr. Morales-Ramirez to show cause why his motion should not be dismissed as untimely as it was filed after the expiration of the one-year limitation period in § 2255. In response, Mr. Morales-Ramirez argued that the one-year limitation should be equitably tolled under the "actual innocence exception," R. at 26, and because of a loss of subject-matter jurisdiction by the district court resulting from constitutional errors in the presentence investigation report (PSIR), *id*. at 27. The district court concluded that Mr. Morales-Ramirez failed to establish the timeliness of his § 2255 motion and dismissed the motion. *Id*. at 52.

Mr. Morales-Ramirez next filed a Rule 60(b) motion, arguing that the district court abused its discretion in dismissing his § 2255 motion and asking the court to review his § 2255 motion on the merits. The district court determined

that the 60(b) motion constituted an unauthorized second-or-successive § 2255 motion and dismissed it for lack of jurisdiction.

## Discussion

Mr. Morales-Ramirez seeks a COA to challenge the district court's disposition of his § 2255 motion and the disposition of his Rule 60(b) motion. The district court resolved both motions on procedural grounds. Under these circumstances, Mr. Morales-Ramirez must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We have discretion to decide which issue to resolve first. *See id*. at 484-85.

In his COA application, Mr. Morales-Ramirez argues that the district court abused its discretion in denying his Rule 60(b) motion and erred in characterizing his 60(b) motion as a second-or-successive § 2255 motion. He also argues that he is entitled to the actual-innocence exception to avoid the procedural bar to his § 2255 motion.

### Case no. 10-2277

In response to the district court's show-cause order, Mr. Morales-Ramirez argued that the one-year statute of limitations should be equitably tolled because of his actual innocence. He asserted that his conviction and sentence were

unconstitutional because drug type and quantity should not be treated as an element of the offense under § 841, citing to *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

"Equitable tolling would be appropriate . . . when a prisoner is actually innocent." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). As the district court explained, however, Mr. Morales-Ramirez did "not allege that he did not commit the charged conduct; instead he argues that, under Apprendi v. New Jersey, his indictment was defective." R. at 51. The district court therefore determined that Mr. Morales-Ramirez's argument under *Apprendi* "fails to establish that a 'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id*. (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). As we have noted, actual innocence means factual innocence, *see United States v. Gabaldon*, 522 F.3d 1121, 1124 n.2 (10th Cir. 2008), and the district court here correctly recognized that Mr. Morales-Ramirez's argument implicated legal innocence, not factual innocence. Because no reasonable jurist could debate whether the district court was correct in its procedural ruling to dismiss the § 2255 motion as untimely, Mr. Morales-Ramirez has not established his entitlement to a COA.

Case no. 11-2021

We need not resolve Mr. Morales-Ramirez's challenge to the district court's  procedural ruling to dismiss his 60(b) motion as an unauthorized

-4-

second-or-successive § 2255 motion because Mr. Morales-Ramirez must also make a showing on the merits of his 60(b) motion in order to be entitled to a COA. *Cf. Slack*, 529 U.S. at 484-85 (explaining that there are two components to obtaining a COA from a procedural dismissal and that the prisoner must make a showing on both the procedural issue and the underlying merits). As the Supreme Court noted, "[A] court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. In this case, the issue whose answer is more apparent from the record and arguments is the one related to the merits of Mr. Morales-Ramirez's 60(b) motion. In his 60(b) motion Mr. Morales-Ramirez asserted that the district court abused its discretion in dismissing his § 2255 motion as untimely. But as we have just explained above in discussing the district court's decision to dismiss his § 2255 motion, reasonable jurists could not debate the correctness of the decision to dismiss that motion as untimely. As a result, Mr. Morales-Ramirez has failed to show that jurists of reason would find it debatable that his 60(b) motion stated a valid claim that the district court abused its discretion in dismissing his § 2255 motion as untimely.

Accordingly, we DENY the application for a COA in case no. 10-2277 and in case no. 11-2021, and we DISMISS these appeals.

Entered for the Court


Harris L Hartz
Circuit Judge