**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**June 21, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RANDY ALAN HAMETT,

    Defendant - Appellant.

No. 24-5017
(D.C. Nos. 4:23-CV-00428-CVE-MTS
& 4:18-CR-00002-CVE-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.

_____

Randy Alan Hamett, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's order dismissing his 28 U.S.C. § 2255 petition.[1] He also requests to proceed in forma pauperis (IFP) on appeal. Exercising jurisdiction under 28 U.S.C. § 1291 and § 2253, we deny Hamett a COA and deny his IFP motion.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Hamett proceeds pro se, we liberally construe his arguments, but we do not serve as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

## BACKGROUND

Hamett was convicted of twelve felonies for kidnapping and assaulting his ex-wife. He was sentenced to 396 months' imprisonment, and this court affirmed his sentence on direct appeal. *United States v. Hamett*, No. 21-5063, 2022 WL 1789162, at *2–3 (10th Cir. June 2, 2022) (unpublished).

On September 21, 2023, Hamett filed a motion to vacate under § 2255, claiming defects in his conviction.[2] Observing that Hamett's motion appeared to have been filed after the one-year deadline, the district court ordered him to show cause why his motion was timely.[3] *See* § 2255(f). Hamett responded, arguing that he didn't have enough stamps to mail his motion before the one-year deadline on August 31, 2023. According to Hamett, he tried mailing his motion in June 2023 but learned that he needed ten stamps. Though he conceded that he receives five stamps per month, he claimed that he had used his prior months' allotment on mailings for his direct appeal and didn't acquire ten stamps until September. He also asserted that lockdowns had hampered his access to the law library, his unit manager, and notarial services.

---

[2] In his motion, he asserted (1) an ineffective-assistance-of-counsel argument, (2) a claim that the federal district court lacked subject-matter jurisdiction, (3) a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), and (4) an argument under Federal Rule of Criminal Procedure 41.

[3] After Hamett's direct appeal was resolved on June 2, 2022, he had ninety days to petition the Supreme Court for certiorari. *See* Sup. Ct. R. 13(1). Hamett never filed a petition, so his conviction became final on August 31, 2022. Thus, he had until August 31, 2023, to file his § 2255 motion. *See* § 2255(f).

The district court ruled that Hamett was not entitled to equitable tolling because he had failed to show (1) that he had diligently pursued his motion, and (2) that an extraordinary and compelling reason had prevented him from timely filing his motion. *United States v. Hamett*, No. 23-CV-0428, 2024 WL 69955, at *4 (N.D. Okla. Jan. 5, 2024). Thus, the district court dismissed his motion as time-barred. *Id.*

## STANDARD OF REVIEW

Hamett must obtain a COA to appeal the district court's ruling. To do so, he must show that "jurists of reason would find it debatable" (1) "whether the petition states a valid claim of the denial of a constitutional right" and (2) "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## DISCUSSION

A court may set aside § 2255's one-year deadline if a prisoner shows he is eligible for equitable tolling. *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008). "Equitable tolling is a rare remedy" "to be applied sparingly." *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (citations omitted). For the doctrine to apply, a prisoner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 928 (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). A prisoner must support both elements with "specific facts." *Id.* (citation omitted).

3

Hamett has failed to allege specific facts entitling him to equitable tolling. In his response to the show-cause order, he claimed that his § 2255 motion was ready for mailing on June 1, 2023—giving him almost three months to meet his August 31 deadline. Rather than alleging the specific steps he took to file his motion before the deadline, he offers general hurdles that he encountered, such as lockdowns and that his unit manager was "very hard to" access.[4] R. vol. 1, at 127. But he offers no facts establishing the duration of the lockdowns or the steps he took to access his unit manager, nor does he explain why these hurdles prevented him from mailing his motion *for three months*. Likewise, he has failed to show why he couldn't obtain ten stamps during those months, and he has alleged no specific attempts to acquire the stamps.[5] *See Gabaldon*, 522 F.3d at 1127 (listing specific steps prisoner took to pursue his

---

[4] Hamett attached to his response a letter from "J. Keller," a counselor at Hamett's prison. In this letter, Keller writes that Hamett "diligently worked on his motion to the court and was hindered in a timely filing due to numerous institutional lockdowns, and a misunderstanding of the indigent inmate legal mail policy at this institution." R. vol. 1, at 131. But this statement is conclusory, and Keller includes no *specific* facts showing that Hamett diligently pursued his motion. Thus, this letter does not overcome Hamett's burden to support his equitable-tolling argument with "specific facts." *See Yang*, 525 F.3d at 928 (citation omitted).

[5] In his opening brief, Hamett alleges facts for the first time, such as that he didn't receive his legal documents for several months after he was transferred to his current prison and that he didn't receive any stamps between June and August. Because Hamett failed to present these allegations to the district court, "we adhere to our general rule against considering issues for the first time on appeal." *United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012).

§ 2255 motion). Because Hamett hasn't shown with specific facts that he diligently pursued his § 2255 motion, reasonable jurists would not debate the district court's procedural ruling.

Hamett also requests to proceed IFP on appeal. We grant IFP motions when appellants show (1) "a financial inability to pay the required filing fees" and (2) "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (cleaned up). Because Hamett hasn't raised a nonfrivolous argument, we deny his IFP motion.

## CONCLUSION

For all these reasons, we deny Hamett a COA, deny his IFP motion, and dismiss this matter.

Entered for the Court

Gregory A. Phillips
Circuit Judge